# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

No. 22-5341                                                            September Term, 2023
                                                                                                                            FILED ON : APRIL 19, 2024

MONTE SILVER AND MONTE SILVER, LTD.,
         APPELLANTS

v.

INTERNAL REVENUE SERVICE, ET AL.,
         APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:20-cv-01544)

---

Before: MILLETT and PAN, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

### **J U D G M E N T**

This appeal was considered on the record from the district court and on the briefs and arguments of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is

**ORDERED** that the district court's judgment be **VACATED** and that the case be **REMANDED** to the district court for further proceedings consistent with the reasons stated below.

\* \* \*

Monte Silver, a United States citizen residing in Israel, is the sole shareholder and officer of his Israeli law firm—a "one-person" Israeli corporation, Monte Silver, Limited. Mr. Silver and his corporation have mounted repeated legal challenges to various United States tax rules. *See Silver v. IRS*, No. 21-5116, 2022 WL 17420308 (D.C. Cir. Dec. 6, 2022); *Silver v. United States*, No. 23-5049, 2023 WL 8724220 (D.C. Cir. Dec. 19, 2023). Here, they claim that the Internal Revenue Service and the Department of the Treasury failed to comply with the Regulatory Flexibility Act, 5 U.S.C. § 601 *et seq*., when promulgating regulations to implement the taxation of global intangible low-taxed income. Guidance Related to Section 951A, 84 Fed. Reg 29,288 (June 21, 2019) (implementing 26 U.S.C. § 951A and scattered sections of 26 U.S.C.).

The district court dismissed the suit at the pleading stage for lack of subject-matter

jurisdiction under the Anti-Injunction Act. 26 U.S.C. § 7421(a); *Cohen v. United States*, 650 F.3d 717, 724 (D.C. Cir. 2011) (en banc).

Plaintiffs had objected before the district court that the Anti-Injunction Act did not apply in light of *South Carolina v. Regan*, 465 U.S. 367 (1984), because they had no other way to litigate their claims. The defendants argued that the Act barred the suit without exception. The district court, in its Memorandum Opinion, did not address these contentions. On appeal, plaintiffs renew their *South Carolina* argument. Defendants respond with an argument differing somewhat from their presentation to the district court. That *South Carolina* argument may require factual development.

We therefore vacate and remand the case for further proceedings consistent with this judgment, which also may encompass additional issues beyond those presented in this appeal. In so ruling, we express no opinion on whether the Anti-Injunction Act would apply regardless of *South Carolina v. Regan*.

\*   \*   \*

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**Per Curiam**

                **FOR THE COURT:**
                Mark J. Langer, Clerk

BY:   /s/

                Daniel J. Reidy
                Deputy Clerk